**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **MARTINIANO ARGUELLO** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No. 3:16-CV-00134** |
| **vs.** | § | |
| | § | |
| **APACHE INDUSTRIAL** | § | |
| **SERVICES, INC. & APACHE** | § | |
| **GLOBAL PAINTING, INC.** | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

MARTINIANO ARGUELLO, (hereinafter "Plaintiff"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, files this Amended Complaint against APACHE INDUSTRIAL SERVICES, INC. and APACHE GLOBAL PAINTING, INC. (hereinafter "Defendants") and for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains about age discrimination, under the Age Discrimination in Employment Act.

3. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney fees, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

4.   Plaintiff, MARTINIANO ARGUELLO, is a resident of Galveston County, Texas.

5.   Defendant, APACHE INDUSTRIAL SERVICES, INC., is a corporation authorized to do business in the state of Texas and process may be served upon its Registered Agent: Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701.

6.   Defendant, APACHE GLOBAL PAINTING, INC., is a corporation authorized to do business in the state of Texas and process may be served upon its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701.

## VENUE

7.   Venue is appropriate in the United States District Court for the Southern District of Texas, Galveston Division, in that the Defendants can be said to reside and/or do business in this district and Plaintiff applied for work for Defendant swhile living in Galveston and worked for them in Brazoria County as required under 28 U.S.C. §§ 1391(a) (1), and (c). Alternatively, venue is appropriate because a substantial part of the events or omissions giving rise to the claim occurred here. *See* 28 U.S.C § 1391(a) (2).

## JURISDICTION

8.   This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) under the Age Discrimination in Employment Act.

9.   The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

10.     All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue his claims.

11.     Plaintiff filed an Amended Charge of Discrimination against Defendants with the EEOC on or about December 17, 2015.

12.     On February 19, 2016, the EEOC issued Plaintiff a Notice of Right to Sue letter entitling him to file suit on his claims of discrimination based on retaliation.

13.     The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

On information and belief, Plaintiff alleges the following facts:

14.     Plaintiff began working for Defendants on May 14, 2015 as a Painting Foreman, assigned to a project at the Chevron-Philips facility in Sweeny, TX.

15.     Plaintiff is 55 years of age.

16.     At the time of his employment, Plaintiff earned $24.00 per hour and worked 10 hours per day.

17.     Although Plaintiff was hired to perform the job duties of a Foreman, he was initially assigned to work as a painter by general foreman Pete Leja, until the complete painting crew had been assembled.

18.     Plaintiff, at all applicable times, performed his job duties as a Painter in a competent and professional manner.

19.     During the first few days of his employment, Plaintiff was harassed and verbally

abused because of his age, being called 'old man' and threatened by another member of the painting crew who was a close relative of general foreman Leja.

20. On May 18th and 19th, 2015 the harassment increased markedly. Plaintiff was physically assaulted, pushed, by the same individual, while performing his work duties.

21. Defendants and the management team knew or should have known about the age-related verbal harassment and the physical assault of Plaintiff, but took no action to prevent the conduct or to punish the individuals.

22. Although he was assigned by general foreman Leja to work on the pipe rack, another member of the same management team ordered Plaintiff not to work on the pipe rack, removing him from the work site because of his age.

23. On May 19, 2015 Plaintiff was terminated from his employment with Defendants.

## COUNT I

## EMPLOYMENT DISCRIMINATION BASED UPON AGE

24. Plaintiff re-alleges and incorporates into Count I, paragraphs 14-23.

25. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the Age Discrimination in Employment Act .

26. Defendants, acting by and through their employees, maintained a policy of harassment and created a hostile working environment in violation of the foregoing statute against Plaintiff.

27. If Plaintiff had not been an individual who is age-protected by the Age Discrimination in Employment Act, he would not have been harassed and assaulted.

## COUNT II

## TERMINATION OF EMPLOYMENT BASED UPON AGE

28.     Plaintiff re-alleges and incorporates into Count II, paragraphs 14-23.

29.     Defendants, acting by and through their employees, terminated Plaintiff's employment in violation of the foregoing statute against Plaintiff.

30.     If Plaintiff had not been an individual who is age-protected by the Age Discrimination in Employment Act, he would not have been terminated.

## DAMAGES

31.     As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including, but not limited to unreimbursed medical bills and emotional distress.

## LIQUIDATED DAMAGES

32.     Defendants' actions were intentional, willful, harsh, oppressive, and malicious, and Defendants knew their conduct was prohibited by law and/or showed a reckless disregard for whether it was prohibited. As a further and proximate cause, Plaintiff has suffered severe financial damages. The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of liquidated damages. Plaintiff, therefore, seeks liquidated damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## ATTORNEY'S FEES

33.     Defendants' actions and conduct as described herein and the resulting damage and loss

to Plaintiff have necessitated Plaintiff's retaining the services of COANE and ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

34.   Plaintiff hereby makes his request for a jury trial.

## PRAYER

35.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a.   Back Pay;

    b.   Pre-Judgment Interest on Back Pay;

    c.   Front Pay;

    d.   Compensatory Damages, including but not limited to damages for diminished salary expectations; unreimbursed medical expenses and emotional distress;

    e.   Injunctive and Affirmative Relief;

    f.   Attorney's Fees and Costs;

    g.   Liquidated Damages;

    h.   Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

*/s/ Ballari Mukherjee*

**COANE AND ASSOCIATES, PLLC**

Ballari Mukherjee, S.D. Tex. #2734321
TX Bar #24090283
Email: ballari@coane.com
Bruce A. Coane, S.D. Tex. #7205
TX Bar #04423600
Email: bruce.coane@gmail.com
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528

***ATTORNEYS FOR PLAINTIFF***